# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DUKE HUBBARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 07-822-MJR |
| | ) | |
| DR. ASCUNCION R. COPE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Danville Correctional Center, brings this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.* It also appears that Plaintiff brings this action for violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and for violations of his statutory privacy rights under the Health Insurance Portability and Accountability Act (HIPAA). In this action, Plaintiff seeks damages for an alleged denial of medical care, the alleged violation of his privacy rights, an alleged warrantless arrest. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 6).

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**THE COMPLAINT**

Liberally construing the complaint and attached exhibits, it appears that Plaintiff had been placed under house arrest pending disposition of state criminal charges. On November 26, 2005, while under house arrest, Plaintiff went to Hamilton Memorial Hospital ("Hospital"). At the Hospital, Plaintiff stated that he had "pain deep in his brain," that he wanted to be admitted to the Hospital, and that he intended to commit suicide. Plaintiff also alleges that he sought treatment for his "COPD,"[1] for chest pains, and for "mental illness including schizophrenia."[2]

Plaintiff was placed in a suture room and evaluated by Defendants Hayes, Miller, and Cope. Although Plaintiff states that he was denied all medical treatment, his allegations (and the attached exhibits) indicates that some "lab work" was performed and, specifically, that a toxicology report was made.[3] Beyond the evaluation and performing some "lab work," however, it appears that

---

[1]The Court assumes that "COPD" stands for "chronic obstructive pulmonary disease."

[2]Plaintiff alleges that Defendant Cope was aware of Plaintiff's medical history of COPD and schizophrenia based on prior visits Plaintiff had made to the Hospital including, but not limited to, a visit on Novemeber 3, 2005. Plaintiff places a large part of his medical claim on the difference in treatment he received on November 3 and the treatment he received on November 26.

[3]The complaint is a bit confusing on this point. In Claim III, Plaintiff alleges that an attached exhibit "does not show nurse Hayse giving a toxicology report to the officers . . . [and] a copy of the toxicology report is not attached." On Exhibit I, however, Plaintiff has written "original toxicology report . . . handed to David Campbell and Jason Craddock." As such, a

2

Plaintiff received no further medical treatment. Specifically, Plaintiff's Exhibit B to the complaint states that Defendant Miller "talked to Dr. Cope about doing an EKG [but] she said [']No, not at this time.[']"

While Plaintiff was at the Hospital, it appears that Defendants Campbell and Craddock, police officers for the City of Mcleansboro Police Department, were investigating a complaint made by Paulene Hubbard[4] that Plaintiff had left his residence and was yelling at her. After consulting with the Rob Irvin, prosecuting attorney for Hamilton County, Illinois, and acting on Irvin's directions, Defendants Campbell and Craddock proceeded to the Hospital to arrest Plaintiff for violating the terms and conditions of house arrest.

Approximately, two and a half-hours after Plaintiff arrived at the Hospital he was discharged from the Hospital into the custody of Defendants Campbell and Craddock who placed Plaintiff under arrest. Plaintiff alleges that Defendants Cope, Hayse, and Pryer violated his federal privacy rights by telling police officials (presumably Defendants Campbell and Craddock) about his medical condition, his medical history (especially his history of schizophrenia) and telling them that Plaintiff was, in fact, at the Hospital. Plaintiff claims that Defendants Campbell and Craddock also violated his federal privacy rights (by learning of his medical condition and history) and (by arresting him) denying Plaintiff adequate medical treatment for his serious medical needs.

Finally, Plaintiff alleges that his arrest was unconstitutional because no warrant was issued for his arrest.

---

natural reading of the complaint and exhibits is that, at least, a toxicology report was prepared on Plaintiff, that the toxicology report was given to Defendants Campbell and Craddock, but that Plaintiff does not have copy of the toxicology report in his possession.

## DISCUSSION

### A. FTCA claims.

Plaintiff's claim that the named Defendants are liable under the FTCA should be dismissed pursuant to § 1915A. The FTCA provides a remedy against the United States for certain tort actions taken by *federal* officials in discharging their duties. *See* 28 U.S.C. §§ 2674 and 2679. It does not apply to cases where - as here - the defendants are employees of a state governmental agency, a local governmental agency, or a private company. Consequently, the complaint does not state a claim under the FTCA.

### B. Denial of medical care.

Plaintiff's § 1983 claim that he was denied adequate medical care by Defendants Cope, Hayse, and Miller in violation of his Eighth Amendment rights should also be dismissed pursuant to § 1915A. The allegations in the complaint demonstrate that while Plaintiff was under "house arrest" at the time he sought treatment at the Hospital, he was not in the direct and immediate custody and control of any state or local official. The Court also notes that - according to the complaint - Plaintiff was not yet "under arrest" by Defendants Campbell and Craddock for violating the terms and conditions of house arrest at the time he sought treatment. Typically, "house arrest" means that while restrictions are placed the person's movements, the person remains in his or her own home and is responsible for his or her own shelter, food, clothing, and other living conditions. The present complaint suggests that Plaintiff's "house arrest" conforms to this typical understanding of the term "house arrest."

The Court can find no authority establishing that a person under "house arrest" has a federal constitutional right to medical treatment. Furthermore, in *DeShaney v. Winnebago Co. Dept. of Soc. Servs.*, 489 U.S. 189 (1989), the Supreme Court noted that the government's "affirmative duty to protect arises not from [its] knowledge of the individual's predicament or from its expression of

intent to help him, but from the limitation which it has placed on his freedom to act on his own behalf." *Id.* at 200. In the instant case, Plaintiff's "house arrest" does not appear to have limited Plaintiff's freedom to seek medical care on his own. *Cf. Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (discussing the government's obligation under the Eighth Amendment "to provide medical care for those whom it is punishing by *incarceration*) (emphasis added). Therefore, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted.

Alternatively, assuming that Plaintiff was in the custody of a state or local official,[5] the gravamen of Plaintiff's claim is that he was denied the same type of treatment he had received on a prior visit. In that prior instance (on November 3, 2005), though, Plaintiff's medical complaint is identified as "bronchitis" and "COPD." *See Plaintiff's Exh. E1.* In the case at hand, Plaintiff's medical complaint was noted as "pain deep in his brain - suicidal" and his respiration was noted as "normal." Thus, the two incidents are not exactly the same and it is not surprising that the treatment would be different. The Seventh Circuit has held that:

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*,

---

[5]An exhibit attached to the complaint notes that unidentified police officers arrived at the Hospital either at the same time Plaintiff did or shortly thereafter. *See Planitiff's Exh. B.* In Claim III, Plaintiff alleges that he "was turned over to the custody of the McLeansboro Police. Dept." Therefore, it is possible, that during Plaintiff's time at the Hospital - prior to discharge - he came under the control and custody of police officials.

> 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). Based on the complaint and attached exhibits, Plaintiff has failed to allege "intentional mistreatment" for his medical condition. Therefore, the complaint fails to state a claim upon which relief may be granted.

Plaintiff's § 1983 claim that Defendants Campbell and Craddock denied him adequate medical treatment should also be dismissed. Plaintiff does not allege that these Defendants prevented or interfered with the treatment Plaintiff received from the Hospital staff. The complaint alleges that "Craddock and . . . Campbell took the Plaintiff into their custody after conferring with Dr. [Cope], and Theresa Miller as well as Nurse Thomas Hayse." There is no allegation that Defendants Cope, Miller or Hayse objected to discharging Plaintiff at that time or that they informed Campbell and Craddock that Plaintiff was in need of further medical treatment. Consequently, Plaintiff's complaint fails to state a claim upon which relief may be granted.[6]

**C. Privacy claims**.

To the extent that Plaintiff is attempting to assert a claim that Defendants Cope, Hayse, Pryer, Miller, Campbell and Craddock violated of his statutory right of privacy in his medical records based on HIPAA, his claim should be dismissed because Plaintiff does not have a private cause of action for alleged HIPAA violations. *See Doe v. Bd. Trustees Univ. Ill.,* 429 F. Supp.2d 930, 944 (N.D. Ill. 2006) ("Every court to have considered the issue . . . has concluded that HIPAA does not authorize

---

[6] After his arrest, Plaintiff alleges that he was transported to the White County Jail in Carmi, Illinois. While detained in the White County Jail, Plaintiff alleges that he was denied his prescription medication (Zyprexa) and had breathing difficulties. White County Jail, however, is not named as a defendant in this action.

a private right of action).

To the extent that Plaintiff is attempting to assert a claim that Defendants Cope, Hayse, Pryer, Campbell, and Craddock violated his federal constitutional right of privacy, the Court finds that - under the circumstances alleged in the complaint - Plaintiff did not have a reasonable expectation of privacy that his medical condition would not be disclosed to the police officers who were arresting him. As noted above, Plaintiff attempted to hold the police officers liable for *denying* him adequate medical care for his medical condition. The Court fails to see how the officers could be charged with denying plaintiff medical care if they are not made aware of Plaintiff's medical condition. Furthermore, at the moment of Plaintiff's arrest, the government became responsible for Plaintiff's care - including providing adequate medical and psychological care for Plaintiff's serious medical needs. *See DeShaney*, 489 U.S. at 200. Plaintiff was discharged directly from the Hospital after complaining of being suicidal into the custody of Defendants Campbell and Craddock. As such, Plaintiff had to know that this information would be given to Campbell and Craddock so that they could take appropriate measures concerning Plaintiff's care. *Doe v. Bd. Trustees Univ. Ill.,* 429 F. Supp.2d at 945 (disclosure of confidential medical information to others in University to ensure student received accommodation for his disabilities did not violate student's privacy right). For these reasons the Court concludes that the complaint fails to state a claim upon which relief may be granted.

**D. Arrest claim.**

Plaintiff's allegation that he was arrested without a warrant supported by a statement of probable cause fails to state a claim upon which relief may be granted. A warrant is not required in every instance to effectuate a lawful arrest. *Gerstein v. Pugh*, 420 U.S. 103, 110 (1975). A police officer's on-the-scene assessment of probable cause provides legal justification for the arrest subject to later review by a neutral magistrate. *Id.* at 113-14. The facts alleged in the complaint and the

supporting exhibits indicate that Defendants Campbell and Craddock had probable cause to arrest Plaintiff - without a warrant - for being in violation of his house arrest. There is no indication that Plaintiff was denied any of the protections that attend a warrantless arrest - such as a prompt judicial review. Furthermore, Defendant Irvin is absolutely immune from damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

**E. Other Defendants.**

Plaintiff's claims against the Hospital, the City of McLeansboro, Illinois ("City"); the City Counselor; and Dick Dietz, the City's mayor, appear to premised on a theory of vicarious liability - that is, these defendants are responsible for the actions of their employees. The claims against these Defendants should be dismissed. First, because the Court has determined that the complaint fails to allege any violation of Plaintiff's federal rights, there is no liability to impose on these Defendants.

Second, the doctrine of respondeat superior does not apply to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

<u>**DISPOSITON**</u>

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as a strike under the provisions of 28 U.S.C. § 1915(g). Additionally, Plaintiff's motion for appointment of counsel (Doc. 6) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 11th day of June, 2008.**

8

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**